17 F.3d 1436
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Jesus John HERNANDEZ, Plaintiff-Appellant,
v.
Anthony BELASKI, Warden, Federal Correctional Institution,
Englewood, individually and in his official capacity;
Michael Abbott, Factory Manager, FCI, Englewood,
individually and in his official capacity; Anthony Prantow,
Case Manager, FCI, Englewood, individually and in his
official capacity; Lieutenant Beate, Investigative
Lieutenant, FCI, Englewood, individually and in his official
capacity; R. Feeback, UDC Chairman, FCI, Englewood,
individually and in his official capacity; Anthony Boyd,
Paralegal, FCI, Englewood, individually and in his official
capacity; Tom Wooten, Warden, Federal Correctional
Institution, La Tuna, individually and in his official
capacity; Charles Tunbo, Reginal Director, U.S. Bureau of
Prisons, South Central Region, individually and in his
official capacity; R.P. Sam Samples, regional Director,
U.S. Bureau of Prisons, Western Region, individually and in
his official capacity; Michael Quinlan, Director, U.S.
Bureau of Prisons, Central office, individually and in his
official capacity; United States of America, Defendant-Appellees.
 No. 93-1257.
 United States Court of Appeals, Tenth Circuit.
 March 3, 1994.
 
 Before LOGAN, SETH, and BARRETT, Circuit Judges.
 
 
 1
 ORDER AND JUDGMENT*
 
 SETH
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); Tenth Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 3
 Originally, Appellant Jesus John Hernandez and the numerous Appellees settled Appellant's Bivens action by entering into a Stipulation For Compromise Settlement, a Stipulation For Dismissal, and a proposed Order. The United States District Court for the District of Colorado entered the Order as proposed, thereby dismissing the action, but the court retained jurisdiction to enforce the terms of the stipulation.
 
 
 4
 Appellees concede that the stipulation was contemporaneously modified by an oral agreement by which Appellees agreed not to utilize Appellant's prior Public Safety Factor ("PSF") designation to deny him placement in an urban work program. The oral agreement also provided that Appellant "be treated as any other inmate at the camp at FCI Englewood." Appellant admits that he was initially transferred to the camp at the Englewood facility, but claims that soon thereafter he was denied participation in certain programs, particularly an urban work program, because of his PSF and that he was not being treated like other prisoners. Because of this perceived mistreatment, Appellant filed a Motion for Enforcement Hearing seeking an injunction from the district court enforcing the terms of the stipulation as understood by Appellant, i.e., that he be placed in the urban work program and be treated like any other inmate.
 
 
 5
 A hearing was held on Appellant's motion before a UnitedStates Magistrate pursuant to 28 U.S.C. 636(b)(1)(A). Appellant made no objection to the Magistrate's conducting the enforcement hearing. At the conclusion of the hearing, the Magistrate issued his ruling from the bench denying Appellant's request for relief. The district court affirmed, and this appeal followed.
 
 
 6
 On appeal Appellant argues that the Magistrate lacked proper authority to conduct the enforcement hearing and that the district court improperly used a deferential standard of review. Furthermore, Appellant claims that the ultimate findings of fact and conclusions of law underlying the denial of his motion were erroneous.
 
 
 7
 28 U.S.C. 636(b)(1)(A) permits a district judge to "designate a magistrate to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief...." In the hopes of falling into the injunctive relief exception to 636(b)(1)(A), Appellant attempts to characterize his motion as one seeking an injunction. However, we conclude that his claims concerning his lack of placement in certain programs and his treatment relative to other prisoners are in fact requests for contract interpretation pitting his interpretation of the parties' intent in making the oral agreement versus the agreement's plain language. Thus, the district court properly designated the Magistrate to hear the enforcement hearing pursuant to 636(b)(1)(A).
 
 
 8
 Related to this issue is Appellant's contention that the district court failed to conduct a de novo review of the Magistrate's findings and conclusions. Because we have determined that Appellant's claims do not fall within the enumerated exceptions to 636(b)(1)(A), they are non-dispositive matters which the district court reviews under a "clearly erroneous or contrary to law" standard of review. 28 U.S.C. 636(b)(1)(A). See Clark v. Poulton, 963 F.2d 1361, 1363 (10th Cir.); Ocelot Oil Corp. v. Sparrow Indus., 847 F.2d 1458, 1462 (10th Cir.). Consequently, the district court did not err when it looked at the entire record, including a recording of the enforcement hearing, but employed the clearly erroneous standard to affirm the Magistrate's determinations.
 
 
 9
 As to Appellant's substantive claims, we have carefully reviewed the entire record on appeal and agree with the district court's decision. First, we note that Appellant has made no legitimate showing that the Magistrate clearly erred in finding that Appellant was properly denied placement in certain programs, particularly the urban work program. Specifically, the warden at FCI Englewood submitted an affidavit and testified that although earlier decisions to deny Appellant placement in the urban work program were improperly based on Appellant's prior PSF, the current restrictions placed on Appellant were made without such consideration of the PSF. Appellant's mere contentions that the warden is in fact continuing to utilize the PSF are wholly unsupported by the factual record.
 
 
 10
 Appellant also complains that he was not accorded due consideration of his pro se status. See Meade v. Grubbs, 841 F.2d 1512, 1526 (10th Cir.) (pro se litigants held to less stringent standards than professional attorneys). However, we can find no procedural errors regarding the admissibility of evidence or the Magistrate's refusal to permit certain inmates to be called as witnesses. The enforcement hearing provided Appellant with an opportunity for a full and fair hearing. Furthermore, Appellant blames the Magistrate's failure to accept Appellant's interpretation of the stipulation and oral agreement as due to his pro se status. There is no evidence to support such a contention. Rather, we find that the Magistrate correctly held that the meaning of "treated as any other inmate" was unambiguous and that Appellant made no showing that other inmates who were similarly situated as Appellant were treated in any meaningfully different manner. Moreover, as we have already indicated, there was no error based on Appellant's status or otherwise relating to the Magistrate's determination that the warden did not utilize Appellant's PSF in denying him placement in the urban work program. Simply put, the Magistrate's determinations were merely a matter of the plain meaning of the language in the stipulation and the oral agreement which Appellant's subjective interpretations cannot override.
 
 
 11
 As a final matter, we note that at the enforcement hearing Appellant also argued that the Appellees had failed to pay him one hundred twenty dollars as provided for in the stipulation. The record does not reflect any disposition of this issue, therefore, it is not properly before this court. We decline to exercise discretionary review of this contention because there have not been factual findings concerning the veracity of the claim which would permit us to make an informed decision.
 
 
 12
 We AFFIRM the decision of the district court and REMAND for a determination of whether Appellant was paid the one hundred twenty dollars provided for in the stipulation.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470